## ENRICH *v.* FORTEZA.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera.

No. 789.—Resuelto en mayo 31, 1912.

PRUEBA CONTRADICTORIA—APRECIACIÓN DE LA PRUEBA HECHA POR EL TRIBUNAL
SENTENCIADOR—PASION, PREJUICIO O PARCIALIDAD.—En caso de prueba con-
tradictoria, como sucede en el caso de autos, la apreciación que de la misma
haya hecho el tribunal sentenciador, no será revocada en apelación, a menos
que se demuestre que obró influído por pasión, prejuicio o parcialidad, o
con gran abuso de su discreción, lo que en este caso no se ha alegado, ni
de la evidencia obrante en la exposición del caso hay el menor indicio de que
esto haya sucedido.

APELACIÓN—FUNDAMENTOS DE LA SENTENCIA.—Uno de los errores alegados por el
apelante consiste en una manifestación hecha por la corte inferior en los
fundamentos de su sentencia. *Se resolvió* que el recurso de apelación se da
contra la sentencia y no contra su fundamento, pero a pesar de esto, exa-
minados los fundamentos de la sentencia apelada, carece de base alguna el
error alegado.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. López Landrón y Rincón.*

Abogado del apelado: *Sr. Cay. Coll Cuchí.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

La contienda entre las partes en este pleito está basada
en una negativa general y específica del demandado a todo
cuanto se alega en la demanda, por la que se reclaman cinco
mil pesos en pago de daños y perjuicios, de cuya cantidad un
mil doscientos a un mil quinientos pesos, se alega haberlos
sustraído el demandado al demandante y ser el resto por los
perjuicios y privaciones que ha sufrido al carecer de esa
suma, que constituía sus únicos bienes.

Celebrado el juicio correspondiente, la Corte de Distrito
de San Juan, Sección 1ª., dictó sentencia en 3 de octubre de
1911, por la que declaró sin lugar la demanda con costas al
demandante y contra la que éste estableció el presente recurso
de apelación.

Esta sentencia demuestra que la corte sentenciadora no

estimó probados los hechos de la demanda, como así aparece del siguiente párrafo de la opinión en que se basa:

"No se ha presentado prueba satisfactoria de los hechos alegados como base de las acciones ejercitadas, y mucho menos del principal de tales hechos, o sea de que el demandante realmente poseyera y tuviera en el baul a que se refiere su demanda la suma mencionada."

En el alegato del apelante se consignan diez y siete errores para basar la solicitud de que se revoque la sentencia, pero de ellos los marcados con los números dos al doce inclusive, tienen por objeto atribuir a la corte una errónea apreciación de la evidencia.

Muchas y repetidas veces hemos dicho que el juez que presencia el juicio es el que está en mejores condiciones para apreciar la credibilidad de los testigos y el llamado a resolver el conflicto de evidencia contradictoria, por cuya razón no intervendremos con la apreciación que de la misma haya formado a menos que se alegue y se nos demuestre que obró influído por pasión, prejuicio o parcialidad o con grave abuso de su discreción, lo que en este caso no se ha alegado, ni en el conjunto de la evidencia obrante en la exposición del caso hay el menor indicio de que esto haya existido, a tal punto, que nosotros hubieramos llegado a la misma conclusión que la corte inferior, si hubieramos de resolver el conflicto de esa evidencia, y a pesar de no haber presenciado las declaraciones de los testigos.

Los errores que con los números trece al diez y siete, inclusive, se consignan, parten de la base de estar probadas las alegaciones de la demanda, y como esto no es así, no pueden existir tales infracciones.

Y en cuanto al error marcado con el número uno, apoyado en una manifestación hecha por la corte inferior en los fundamentos de su sentencia, a pesar de que los recursos de apelación se dan contra la sentencia y no contra sus fundamentos, sin embargo, queremos decir que no comprendemos de que manera pudo infringir la corte inferior los artículos 1068-

1069 y 1055 del Código Civil por decir la corte en su opinión que en la demanda se ejercitaban acciones, cuando después de todo es cierto que se ejercita la acción de devolución de la cantidad que se dice sustraída y la de indemnización de perjuicios por ese acto.

Por estas consideraciones procede desestimarse el recurso y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.